## CHENAULT v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2355. Decided April 26, 1934

E. O. Ricketts, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Ralph J. Bartlett, Columbus and Henry L. Holden, Columbus, Assistant Prosecuting Attorneys, for defendant in error.

## OPINION

By HORNBECK, PJ.

A check is an order by the drawer thereof on a bank to pay money.

It is urged that the instrument in the indictment did not possess any apparent legal efficacy. Technically this may be true. However, it is common knowledge that checks are regularly cleared through banks when they are not properly drawn upon the bank in which the funds of the drawer are deposited. In such situation it is common practice for the paying bank to draw on any bank in which the drawer's funds are known or supposed to be placed. It is not necessary to forgery that an instrument be perfect or complete. **Carberry v State, 11 Oh St, 410.**

There can be no doubt that the instrument which was the subject matter of the indictment is a check. It purports to be drawn upon a bank in a town in Ohio, the pronunciation of which is much like the pronunciation of the name of the town as spelled in the check. It does not appear that there is a Pataskala Bank, Ohio, but there is a Pataskala Banking Company in Pataskala. The check was presented at the Ohio National Bank, in the city of Columbus, to Louis R. Simpson, teller at that insittution and by him cashed. It thus had sufficient likeness to a check upon a bank in existence in Ohio as to cause an expert in banking business to recognize it. This indicates that it had efficacy as a check. It was intended to be drawn upon a Pataskala Bank according to the statement of the defendant as given in her confession to a police detective in the city of Columbus. The jury had the right to believe this statement. The mis-spelling of the word "Pataskala" is not unusual. It is a tricky name. It appears in the record that in the first question wherein the name appeared as transcribed by the stenographer, it is properly spelled. In the answer to the second question wherein it is used, it is misspelled.

Without extended consideration of the technical and legal questions raised by counsel for plaintiff in error, and argued in his usual thorough manner, we are satisfied that there was no such variance between the charge in the indictment and the proof as to require us to reverse and set aside the judgment and conviction. It

reasonably appears that the defendant was put on notice of the charge against her. If she forged the instrument and uttered and published it, it clearly was with intent to defraud. Under the liberal provisions of our penal code at the present time, we are of opinion that there is no violation of the spirit of the code in the conviction of this defendant upon the indictment found in the record. The judgment will be affirmed.

BARNES, J, concurs.